UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
LYNN GREGORY,

                                      Plaintiff,

                        -against-

THE CITY OF NEW YORK,
DETECTIVE DANIEL LUDEMANN (TAX 938892),
and JANE DOE,

                               Defendants.

**COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiff, LYNN GREGORY, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the accrual of her claims for excessive force against the City of New York.

5. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing.

7. This action was commenced within one year and ninety days from the date the pendent claims herein accrued.

## VENUE

8. Venue is properly laid in the United States District Court for the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff, LYNN GREGORY, is, and has been, at all relevant times, a resident of the City and State of New York.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New

York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

13. At all times hereinafter mentioned, Defendant Detective Daniel Ludemann was a duly sworn member of the NYPD, was acting under the supervision of said department and according to his official duties, and was assigned to the Narcotics Borough Queens South of the NYPD.

14. At all times hereinafter mentioned, Defendant Jane Doe was a duly sworn member of the NYPD, was acting under the supervision of said department and according to her official duties, and was assigned to the Narcotics Borough Queens South of the NYPD.

15. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

17. On April 20, 2016 at approximately 1:30 p.m., plaintiff, LYNN GREGORY, was lawfully operating her vehicle at or near the intersection of 179th Street and Hillside Avenue in the County of Queens, City and State of New York.

18. At this time, the individual Defendants arrived in a vehicle and pulled over the Plaintiff's vehicle, asked the Plaintiff to exist her vehicle, and searched the Plaintiff and her vehicle.

19. The Plaintiff complied with the Defendants' demands.

20. Pursuant to the stop and search, the Defendants placed handcuffs on the Plaintiff and formally arrested her.

21. The Defendants applied excessively tight handcuffs to the Plaintiff.

22. The Defendants placed the Plaintiff in their vehicle and proceeded to drive around for several hours before taking the Plaintiff to a local area precinct.

23. While she was in the Defendants' vehicle, the Plaintiff repeatedly complained to the Defendants that the handcuffs were too tight, and were causing her pain and numbness in her hands, wrists, and fingers.

24. During this time, the Plaintiff's hands were also visibly swollen.

25. The Plaintiff repeatedly asked the Defendants to remove the handcuffs.

26. In response, the Defendants tightened the handcuffs and at no time did they loosen the handcuffs.

27. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary, reasonable, lawful, or appropriate.

28. At the precinct, the Defendants issued the Plaintiff a desk appearance ticket, for which she eventually paid a fine.

29. After she was released from the Precinct the Plaintiff sought medical attention for the injuries she sustained as a result of the excessively tight handcuffs.

30. As a result of the excessively tight handcuffs applied by the Defendants, the Plaintiff sustained several physical injuries, including pain, numbness, tingling, and nerve damage to her hands, wrists, and fingers.

31. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under color of state law.

32. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

33. As a result of the foregoing, the Defendants caused the Plaintiff to suffer pain and permanent physical injuries.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF**
**EXCESSIVE FORCE**
**PURSUANT TO 42 U.S.C. § 1983**

38. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. Plaintiff was subjected to excessive force by the defendants which caused pain and permanent injuries to her hands, wrists, and fingers.

40. At no time did defendants have any legal basis for subjecting plaintiff to excessive force nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

**SECOND CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY PURSUANT TO**
**42 U.S.C. § 1983**

42. Plaintiff, LYNN GREGORY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. Defendants used excessive force against plaintiff, LYNN GREGORY, in the absence of any reasonable basis to do so, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, and safety and violate her constitutional rights.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Those customs, policies, patterns, and practices include, but are not limited to:

    i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.    failing to properly train police officers in the requirements of the United States Constitution.

47. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    applying excessively tight handcuffs to individuals without and reasonable basis for doing so;

    ii.    utilizing handcuffs for an unnecessarily long period of time;

    iii.    ignoring requests from individuals to loosen handcuffs;

    iv.    falsifying evidence and testimony to cover up police misconduct.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate

7

indifference to the safety, well-being and constitutional rights of plaintiff, LYNN GREGORY.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was subjected to excessive force.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE
## PURSUANT TO STATE LAW

55. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

57. Plaintiff was subjected to excessive force by the Defendants while she was in their custody.

58. Due to the actions of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, subjected the Plaintiff to excessive force.

59. That the acts and conduct on the part of the individual defendants constituting unlawful and unconstitutional conduct are: unlawfully detaining and confining plaintiff through the use of excessive force; unlawfully using force on the Plaintiff; and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

60. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain physical injuries, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity

and disgrace, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

61. By the actions described above, the individual Defendants and THE CITY OF NEW YORK caused plaintiff to be subjected to excessive force and caused plaintiff to suffer physical injuries. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

62. As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.    On the First and Third Causes of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.   On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.  On the Second and Third Causes of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.   Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v.   Such other relief as the Court deems just and proper.

Dated:  New York, New York
        November 1, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/

By:   JESSICA MASISMI (JM-2920)
      32 Old Slip, 8th Floor
      New York, New York 10005
      (212) 962-1020

11